# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:15-CV-00360-GCM

| | |
|---|---|
| JAYME REBECCA GOBLE, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FAIRVILLE COMPANY, LP ) | |
| TELCO COMMUNITY CREDIT UNION ) | |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Fairville Company, LP's Motion to Compel (Doc. No. 36), filed on August 4, 2016, and Plaintiff Rebecca Goble's Response (Doc. No. 37) filed on August 10. For the following reasons, Defendant's Motion will be granted.

## I. BACKGROUND

Plaintiff filed a complaint against Fairville Company, LP ("Fairville"), Equifax Information Services, LLC ("Equifax"), and Telco Community Credit Union ("Telco"), in this Court on August 7, 2015. (Doc. No. 1) In it, she alleged violations of the Fair Credit Reporting Act and North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"). (*Id.* at 7-17, ¶¶ 92-111). During the discovery period, Plaintiff signed confidential settlement agreements with Equifax and Telco and agreed to dismiss her claims against them with prejudice. (Response in Opposition at 2-3, Doc. No. 37; Joint Motion to Dismiss with Prejudice, Doc. No. 30; Stipulation of Dismissal with Prejudice, Doc. No. 38). During Plaintiff's deposition, counsel asked her

about the terms of her settlements with Equifax and Telco.[1]  (Motion to Compel at 2-3, Doc. No. 36)  On the advice of counsel, Plaintiff refused to answer the questions, citing the confidentiality clauses of both settlement agreements.  (*Id.* at 3)  The parties attempted to resolve the issue informally, but were unable to reach an agreement.  (*See* Doc. No. 36-1)

Defendant's Motion to Compel requests that the Court order Plaintiff to submit to an additional deposition and answer questions about the terms and amount of her settlements with the previously dismissed defendants.  (Motion to Compel at 1, Doc. No. 36)  It also requests that Plaintiff produce copies of the settlement agreements.  (*Id.*)

## II. STANDARD OF REVIEW

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted."  *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).  Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  The Rule further provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  Additionally, Rule 37 allows a party seeking discovery to "move for an order compelling an answer" if "a deponent fails to answer a question asked under Rule 30."  Fed. R. Civ. P. 37(a)(3)(B)(i).  According to Rule 30, an attorney may instruct a deponent not to answer a question "only when necessary to preserve a privilege, to enforce a limitation ordered by the Court, or to present a motion" to terminate or limit the deposition.  Fed. R. Civ. P. 30(c)(2).

The Rules further instruct that if a Motion to Compel is granted, "the Court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the

---

[1] Plaintiff asserts that she was only asked about the amount of the settlements. (Response in Opposition at 6, Doc. No. 37).

2

motion, the party or attorney advising the conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(5)(A). The Court does not order such payment if the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances would render the award of expenses unjust. Fed. R. Civ. P. 37(5)(A)(ii), (iii).

### III. ANALYSIS

The parties appear to agree that the touchstone of this dispute is relevance under Rule 26, although they disagree about whether the amounts and terms of Plaintiff's settlements with Equifax and Telco are relevant to Defendant's case. Defendant argues that Plaintiff should be required to disclose the amounts for which Plaintiff settled her claims with Defendants Equifax and Telco. (Motion to Compel at 4, Doc. No. 36) It contends that the settlement amounts are relevant because Plaintiff's UDTPA claim may be subject to North Carolina's Uniform Contribution among Tort-Feasors Act. (*Id.* at 5) If the statute is applicable, Fairville would be entitled to offset any amounts owed to Plaintiff by the amounts she has already recovered from the dismissed parties. (*Id.*) In other words, the settlement amounts would be relevant to Fairville's valuation of Plaintiff's remaining claim. Plaintiff responds that each Defendant named in her Complaint acted separately, rather than in concert, rendering the Uniform Contribution among Tort-Feasors Act inapplicable. (Response in Opposition at 1-2) Plaintiff also argues that the theory of recovery on which her UDTPA claim is not tort based.[2] (*Id.* at 2)

In this instance, the Court finds that the amounts of Plaintiff's settlement with the previously dismissed Defendants are discoverable. To begin with, in order to establish that the

---

[2] Although the parties' briefing also includes discussion of Plaintiff's FRCA claim, Fourth Circuit precedent strongly suggests that if Plaintiff were to obtain a judgment on her federal claim, Defendant would not be entitled to set-off based on amounts paid by other Defendants. *Sloane v. Equifax Information Services, LLC*, 510 F.3d 495, 500-05 & n.2 (4th Cir. 2007). Moreover, the Motion can be resolved by reference only to the UDTPA claim.

3

settlement amounts are discoverable, Defendant need only establish that they are relevant under Rule 26.  Although some courts have required parties seeking disclosure of settlement information to make a "particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement," the Fourth Circuit has never articulated such a requirement.  *Selective Way Ins. Co. v. Schulle*, No. 3:13CV00040, 2014 WL 462807, at *1 (W.D. Va. Feb. 5, 2014).  Similarly, it appears that no district court in this circuit has adopted this heightened standard.  *See Oakridge Associates, LLC v. Auto-Owners Ins. Co.*, No. 310CV145DCK, 2010 WL 3788058, at *3 (W.D.N.C. Sept. 23, 2010); *Spilker v. Medtronic, Inc.*, No. 4:13-CV-76-H, 2014 WL 4760292, at *3 (E.D.N.C. Sept. 24, 2014); *see also Townsend v. Nestle Healthcare Nutrition, Corp.*, No. 3:15-CV-06824, 2016 WL 1629363, at *5 (S.D.W. Va. Apr. 22, 2016) (collecting cases).  Thus, this Court will not adopt any standard for relevance that exceeds the ordinary bounds of Rule 26.

Here, the settlement amounts with the previously dismissed Defendants are relevant to Fairville's valuation of Plaintiff's claims.  Although it is true that a UDTPA plaintiff may advance claims that sound in tort or contract, Plaintiff's claim appears to rely on tortious conduct.  Specifically, it asserts that the originally-named Defendants violated North Carolina's Unfair and Deceptive Trade Practices Act when they "libeled" her and "published false information about alleged debts."  (Doc. No. 1 at 16, ¶¶ 103-104)  Moreover, as other courts have explained disclosure of settlement information promotes transparency in the mediation process.  *Selective Way*, No. 3:13CV00040, 2014 WL 462807, at *2.  "[D]iscovery of settlement information permits the remaining parties to assess their liability and 'evaluate their risks in continuing with the litigation' and, thus, may ultimately 'promote settlement of the remaining claims.'"  *Id.* (quoting *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 367 (N.D. Ill.

4

2001)). Finally, the Court notes that any concerns about confidentiality can be addressed with a protective order.

However, the Court further finds that the scope of Defendant's Motion to Compel is overbroad. First, Defendant has made no persuasive argument that any terms of Plaintiff's settlement agreements, or the agreements themselves, are relevant to its claims. Therefore, the Court will deny its request to reconvene Plaintiff's deposition to ask questions about the terms of the agreement and its request for copies of the settlement documents. Further, the Court finds that requiring Plaintiff to submit to an additional deposition in order for Defendant to obtain the answer to a single question would be unduly burdensome. Therefore, the Court will order that Plaintiff disclose the settlement amounts in an affidavit or other written format of the parties' mutual choice.

Finally, the Court will address Defendant's request that Plaintiff, her attorney, or both be required to pay the costs associated with filing the instant Motion to Compel. Pursuant to Rule 37(a)(5)(A)(ii), a district court "must not" order sanctions if the opposing party's nondisclosure was "substantially justified." "A legal position is 'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009) (citing *Pierce v. Underwood*, 487 U.S. 552, 565-66 n. 2 (1988)).

In this instance, the Court finds that a reasonable person could think that Plaintiff's settlement amounts with Telco and Equifax were not subject to discovery. Plaintiff's confidentiality concerns appear to be legitimate, and the Fourth Circuit has never ruled on whether settlement information is entitled to special protection during discovery. Additionally, it remains unclear—and will remain unclear until a merits resolution of Plaintiff's claim—whether

the Uniform Joint Tort Feasors Act applies in this case. Accordingly, the Court finds that Plaintiff's position was substantially justified and sanctions are not appropriate.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff is ordered to disclose the amounts of her settlement agreements with Equifax and Telco. Plaintiff is not required to submit to an additional deposition, or to pay Defendant's costs associated with filing the instant motion.

**IT IS THEREFORE ORDERED THAT**

(1) Defendant's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**;

(2) Plaintiff will disclose the amount of her settlements with Telco and Equifax; and

(3) Each party shall bear their own costs associated with the instant Motion.

Signed: August 30, 2016

Graham C. Mullen
United States District Judge